

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2003

# Lieberman v. State of DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lieberman v. State of DE" (2003). *2003 Decisions.* Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3540
_____

ELBERTA BERNICE LIEBERMAN


v.


STATE OF DELAWARE;
FAMILY COURT OF DELAWARE,

Appellants


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(D.C. Civil No. 96-cv-00523)
District Judge:  The Honorable Gregory M. Sleet


_____


Submitted Under Third Circuit LAR 34.1(a)
July 7, 2003


BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges.


(Filed: July 14, 2003)

—————

OPINION OF THE COURT

—————

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellee, Elberta Bernice Lieberman, who had worked in a variety of positions at the Family Court of the State of Delaware for twenty years, filed a complaint with the EEOC claiming disability discrimination by her supervisor. The EEOC dismissed Lieberman's complaint, and sent her a right-to sue letter. In 1996, Lieberman then sued the State of Delaware and the Family Court of the State of Delaware,[1] and her complaint contains claims under (1) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (2) Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. § 701 *et seq.*, (3) the anti-retaliation provisions of the ADA, and (4) the anti-retaliation provisions of the Rehabilitation Act. The District Court granted the State's motion to dismiss Lieberman's Title II claims on the basis of Eleventh Amendment immunity but denied the State's motion to dismiss Lieberman's Rehabilitation Act claims. The State of Delaware appealed. Since we find that the District Court had jurisdiction over the Rehabilitation Act claims and that *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002), controls the Rehabilitation Act issue, we will affirm.

--------

1.     In 1997, at the request of Lieberman, the District Court stayed this matter for additional EEOC investigation. A year later, the EEOC dismissed the complaint and sent another right-to-sue letter.

First, appellants argue that, because Article II, § 2, clause 2 of the U.S. Constitution vests the Supreme Court with original jurisdiction where a state is a party, the District Court lacks jurisdiction to hear the suit. Appellants do not mention, however, the well-established principle that Congress can give lower federal courts concurrent jurisdiction over matters where the Supreme Court has original jurisdiction. *Ames v. Kansas*, 111 U.S. 449 (1884). In fact, ever since the Judiciary Act of 1789, Congress has assumed that the constitutional grant of original jurisdiction to the Supreme Court could be made concurrent with the jurisdiction of the lower federal courts. We maintain the unremarkable position that 28 U.S.C. § 1331 properly provides the District Court with jurisdiction over this matter.

Turning to the Eleventh Amendment issue, we note that, while this case was pending with us, but before briefing, we decided *Koslow v. Pennsylvania*, 302 F.3d 161 (3d Cir. 2002). In *Koslow*, a disability discrimination case under § 504 of the Rehabilitation Act, we had to determine whether the Commonwealth of Pennsylvania had waived its sovereign immunity by accepting certain federal funds for the Department of Corrections. *Koslow*, 302 F.3d at 165. We determined that Congress could require a state to waive its immunity to suit under the Rehabilitation Act as a condition for receiving federal funds and had done so. *Id.* at 172. Since the Commonwealth of Pennsylvania had accepted federal financial assistance under the State Criminal Alien Assistance Program, and provided these federal funds to the Department of Corrections,

3

we concluded that the Commonwealth had waived immunity for § 504 claims against its Department of Corrections under the Rehabilitation Act. *Id.* at 172.

Our decision in *Koslow* is on all fours with this case. At all relevant times, Lieberman worked in an activity or program of the Family Court that is alleged to be a recipient and beneficiary of federal financial assistance. We therefore affirm the District Court's thoughtful determination that the appellants have waived their Eleventh Amendment immunity, and that the appellants' motion to dismiss Lieberman's claims under Section 504 of the Rehabilitation Act should have been denied.

_____

TO THE CLERK:

Please file the foregoing opinion.


     /s/ Richard L. Nygaard
Circuit Judge