**Clarence U. JAMISON, Plaintiff,**

**v.**

**The State of DELAWARE, Defendant.**

**No. CIV. 04–024–SLR.**

United States District Court,
D. Delaware.

Oct. 6, 2004.

Clarence U. Jamison, Howard R. Young Correctional Facility, Wilmington, DE, Pro Se.

Ophelia M. Waters, Deputy Attorney General, State of Delaware Department of Justice, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On January 13, 2004, Clarence U. Jamison, a *pro se* plaintiff proceeding in *forma pauperis,* filed the present action pursuant to 42 U.S.C. § 12101–12213 against defendant State of Delaware alleging discrimination based on his disabilities. (D.I.2) Plaintiff is currently incarcerated at the Howard R. Young Correctional Institute, aka Gander Hill, in Wilmington, Delaware. (D.I. 11) Plaintiff seeks damages in the amount of 777 trillion dollars. (D.I.2) The court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331.

Currently before the court is defendant's motion for summary judgment. (D.I.11) For the reasons that follow, the motion shall be granted.

## II. BACKGROUND

Plaintiff alleges that on January 9, 2004, prison officials released him from Gander Hill into freezing cold temperatures without a coat or ride home. (D.I.2) He claims that his clothing was stolen and that he walked seven blocks in the cold to the Wilmington Hospital where he was turned away. *Id.* Plaintiff claims that he is disabled and the prison officials were aware of his disability at the time of his release. *Id.*

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

The defendant contends that it cannot be held liable under Title II of the Americans with Disabilities Act based on the doctrine of sovereign immunity. (D.I.11) The court agrees. Generally, pursuant to the Eleventh Amendment, states are immune from suit brought by private parties in the federal courts. *Lieberman v. Del.,* 2001 WL 1000936 (D.Del.2001), *aff'd,* 70 Fed.Appx. 630, 2003 WL 21658273 (3rd Cir.2003). However, there are exceptions to the bar. First, states can consent to suit, thus waiving their immunity. Second, Congress can abrogate a state's Eleventh Amendment immunity pursuant to a valid exercise of its Section Five powers under the Fourteenth Amendment. *Lavia v. Comm. of Pa.,* 224 F.3d 190, 195 (3d Cir.2000).

In determining whether Congress has abrogated a state's Eleventh Amendment Immunity, a "simple but stringent test" is applied. This two-prong test requires that: (1) Congress "unequivocally express its intent to abrogate"; and (2)

Congress act according to a valid exercise of power in abrogating state immunity. *Lavia,* 224 F.3d at 196.

The first prong of the test is satisfied, as Congress has clearly expressed an intent to abrogate by providing in § 12202 of the ADA that "no state shall be immune under the eleventh amendment ... for a violation of this chapter." 42 U.S.C. § 12202 (2004).

The second prong requires that Congress act pursuant to a valid exercise of power in abrogating state immunity. Section Five of the Fourteenth Amendment grants Congress the authority to enforce the provisions of the amendment by enacting legislation which deters or remedies conduct transgressing the Fourteenth Amendment's substantive provisions. *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 81, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). Such remedial power extends to conduct that is a direct violation of the Fourteenth Amendment, as well as to a "broader swath of conduct." *Id.* However, Congress cannot define the substance of constitutional rights or determine what constitutes a constitutional violation. *Lavia,* 224 F.3d at 197. The Supreme Court has held that for remedial legislation to be appropriately enforced under Section Five, "there must be congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v.Flores,* 521 U.S. 507, 517, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).

The first step in applying these principles is to identify the scope of the constitutional right at issue. The constitutional rights of the disabled have been defined by the United States Supreme Court. The Court has held that state action involving persons with mental disabilities is subject only to rational basis review. *Lavia,* 224 F.3d at 199. Subsequent cases have held that the standard established by the Court is applicable to all state action involving persons with both mental and physical disabilities. *Id.* Under a rational basis review, a state action will not be overturned unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the Court can only conclude that the state's actions were irrational. *Kimel,* 528 U.S. at 84, 120 S.Ct. 631. Therefore, a state action denying public services to the disabled will not offend the Equal Protection Clause and its rational basis test, provided that it is rationally related to a legitimate state interest and not the result of purposeful discrimination. *Lavia,* 224 F.3d at 200.

After the constitutional right at issue has been determined, the Court must decide whether Congress identified a history and pattern of discrimination by the states that violates the Fourteenth Amendment and whether the remedy imposed by Congress is congruent and proportional to the targeted violation. Just as Section One of the Fourteenth Amendment applies only to actions committed under the color of state law, Congress' Section Five authority is appropriately exercised in response to state transgressions. *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 369, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Congress made a general finding in the ADA that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2) (2004). The record assembled by Congress includes several instances to support such a finding, however, the majority of these incidents do not deal with the activities of states. *Garrett,* 531 U.S. at 369, 121 S.Ct. 955. The record also presents anecdotal evidence of disability discrimination. Nonetheless, taken together, the legisla-

tive record does not reveal a widespread pattern of disability discrimination on which Section Five legislation must be based.

Even if Congress had identified a pattern of discrimination by the states, the ADA is not congruent and proportional to the targeted violation. Title II of the ADA prohibits public entities from excluding or denying public services to people with disabilities. 42 U.S.C. § 12132 (2004). The ADA is sufficiently out of proportion to a supposed remedial or preventive object that it cannot be understood to prevent unconstitutional behavior. In addition, through its broad restriction on the use of disability as a discriminating factor, the ADA prohibits substantially more state practices and decisions than would likely be held unconstitutional under the applicable rational basis standard. *Kimel,* 528 U.S. at 84, 120 S.Ct. 631.

Therefore, in the case at bar, the court finds that there is a lack of subject matter jurisdiction and summary judgment should be granted to the defendant. The defendant has not consented to the plaintiff's suit or waived its immunity under the Eleventh Amendment. In addition, although Congress clearly expressed its intent to abrogate state immunity in the language of the ADA, that abrogation exceeded Congress' authority under Section Five of the Fourteenth Amendment and, therefore, is invalid.

## V. CONCLUSION

For the reasons stated, the court grants defendant's motion for summary judgment. An appropriate order shall issue.