Daniel S. GREEN, Plaintiff,

v.

HOWARD R. YOUNG CORRECTIONAL
INSTITUTION, First Correctional
Medical, LLC, Defendants.

No. CIV.A. 04–27–KAJ.

United States District Court,
D. Delaware.

June 24, 2005.

Daniel S. Green, Wilmington, DE, pro se.

## MEMORANDUM ORDER

JORDAN, District Judge.

### I. INTRODUCTION

Presently before me is a Motion to Dismiss (Docket Item ["D.I."] 19; the "Motion") filed by defendant Howard R. Young Correctional Institution ("HRYCI") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Also before me are five motions filed by plaintiff Daniel Green ("Plaintiff"), including a Motion for Medical Exam (D.I.43), a Motion to Appoint Counsel (D.I.58, 73), a Motion for Emergency Relief (D.I.66), a Motion to Amend Complaint (D.I.71), and a Motion for Discovery (D.I.75). For the reasons that follow, HRYCI's Motion will be granted. Additionally, Plaintiff's motions for Medical Exam (D.I.43), for Emergency Relief (D.I.66), and for Appointment of Counsel (D.I.58, 73) will be denied. Plaintiff's Motion to Amend Complaint (D.I.71) will be granted and then *sua sponte* dismissed without prejudice for failure to state a claim upon which relief can be granted. As a result, Plaintiff's Motion for Discovery (which related to the amended complaint) will be denied as moot. Finally, the caption in this matter has been amended to name First Correctional Medical, LLC

(the medical staff at HRYCI) as a defendant.[1]

### II. BACKGROUND

Plaintiff is a *pro se* litigant who is currently incarcerated at the Delaware Correctional Center (the "DCC") in Smyrna, Delaware. (*See* D.I. 54.) On January 13, 2002, Plaintiff commenced this action under 42 U.S.C. § 1983 (D.I.2) and was subsequently permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (D.I.4). On April 6, 2004, I ordered Plaintiff, pursuant to Federal Rules of Civil Procedure 4(c)(2) and (d)(2), to "complete and return to the Clerk of the Court an original 'U.S. Marshal—285' form ['285 form'] for each defendant[.]"[2] (D.I. 10 at ¶ 2.) I also informed Plaintiff that his "[f]ailure to submit the [285] form[s] may provide grounds for dismissal of the lawsuit pursuant to Fed.R.Civ.P. 4(m)." (*Id.*) In response, Plaintiff completed, and returned to the Clerk of the Court, 285 forms for "First State Medical", the Delaware Attorney General, and HRYCI. (D.I.13, 14, 15.) On September 20, 2004, HRYCI moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] (D.I.19.)

Plaintiff's claims against the "HRYCI medical staff" stem from his dissatisfaction with the medical treatment he received. While incarcerated at HRYCI Plaintiff injured his

---

1. As noted in HRYCI's Memorandum in Support of Motion to Dismiss (D.I.20), the "medical staff" at HRYCI, formerly listed in the caption as a defendant, is actually First Correctional Medical, LLC ("FCM"). (*See* D.I. 20 at 1 n. 1.) FCM is not an institution of the State of Delaware, and thus is not protected by the immunity conferred by the Eleventh Amendment of the United States Constitution. *See infra*, pp. 5–6. FCM remains unaffected by the Motion to Dismiss filed by HRCYI. FCM was properly served by Plaintiff on July 20, 2004 (*see* D.I. 13 (return of service signed by Irwin W. Fish)) and is a party In this case.

2. U.S. Marshal—285 forms allow a plaintiff to request that the court direct that service of the summons and complaint "be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis[.]" Fed.R.Civ.P. 4(c)(2).

3. In support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), HRYCI argues that I may treat the Motion "as one for summary judgment" since I am being asked to consider "matters outside [of] the pleadings[.]" (D.I. 20 at 1.) HRYCI further asserts that it is "entitled to judgment as a matter of law because there are no genuine issues of material fact in dispute." (D.I. 20 at 2.) Plaintiff, in response to the arguments raised by HRYCI, disputes the cause of the injury to his hand and the way in which his grievances were handled. (*See* D.I. 27.)

I will not consider matters outside of the pleadings (nor will I consider this Motion as one for summary judgment) because Plaintiff's complaint will be dismissed solely on Rule 12(b)(1) grounds. Thus, any further examination of the facts as they may relate to HRYCI's Rule 12(b)(6) arguments is unnecessary.

left hand and requested various relief, including additional medical treatment. (D.I.2, 43.) After filing the complaint, Plaintiff received punishment at HRYCI, such as solitary confinement (*see* D.I. 48), because of what was described as "his pattern of aggressive and assaultive behavior." (D.I. 52 at 3, ¶ 2.) HRYCI asserts that Plaintiff's hand injuries are "a result of banging on the cell doors to gain staff attention, playing basketball at recreation, and fighting others." (D.I. 20 at 3.) Plaintiff states that he told the medical staff that his hand was injured when he tripped "on the mat on the floor, because [they] have three men to a cell." (D.I. 27 at 2.) Eventually, the Delaware Department of Correction considered it necessary for transfer Plaintiff from HRYCI to DCC. (D.I.52.)

While at DCC, Plaintiff asked this court for emergency relief because he was "in danger" as a result of being in the same facility as another inmate, Tyrone Brant. (D.I.66.) Plaintiff asserts that he testified against Tyrone Brant in August of 1999. (D.I. 44, 46.) The Department of Correction acknowledged that it was aware of alleged conflict between Plaintiff and Tyrone Brant and that Plaintiff "has been approved for transfer to DCC to be housed in the Maximum Security Area" where "no contact would normally occur between [Plaintiff] and Mr. Brant." (D.I.52.)

Plaintiff has also asked this court to appoint him counsel (D.I.58.73), and to allow him to amend his complaint "because of the two [assaults], one on [August 23, 2004] and the other on [January 24, 2005]" committed by corrections officers whom the Plaintiff has failed to name. (D.I.71.) Plaintiff also filed a Motion for Discovery (D.I.75) to subpoena two other inmates to obtain evidence of what he believes to be improper treatment of inmates throughout DCC, which, according to Plaintiff, will strengthen his case against the corrections officers who allegedly assaulted him. (*See* D.I. 75, 77.)

In support of the Motion under Rule 12(b)(1), HRYCI notes its status as a facility "maintained and controlled by the State of Delaware ..." and thus argues that it "can-

not be considered a 'person' as contemplated by the jurisprudence interpreting [42 U.S.C. § 1983.]" (D.I. 20 at 6.) HRYCI argues that; because it is not a "person," there is no subject matter jurisdiction over the question presented, unless the State of Delaware has opted to waive the sovereign immunity granted to it by the Eleventh Amendment to the United States Constitution or unless there is a clear indication that the United States Congress decided to waive Delaware's sovereign immunity.[4] (D.I. 20 at 5, 7.) HRYCI asserts that the State of Delaware, in this instance, has not waived its sovereign immunity, nor is it clearly indicated that the United States Congress waived Delaware's immunity, and that I must therefore dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (D.I. 20 at 8.)

### III. STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows the defense of "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject matter jurisdiction. *Mortensen v. First Federal Savings and Loan,* 549 F.2d 884, 891 (3d Cir.1977). Here, HRYCI makes a facial challenge to Plaintiff's complaint, since the existence of any of the jurisdictional facts alleged in the complaint which support the court's subject matter jurisdiction is not disputed. A 12(b)(1) motion which facially challenges a complaint requires that I consider the allegations in the complaint as true, and make all reasonable inferences in plaintiff's favor. *Mortensen,* 549 F.2d at 891. Moreover, the plaintiff bears the burden of persuading the court that it has jurisdiction. (*Id.*)

### IV. DISCUSSION

#### A. 12(b)(1) Motion to Dismiss

▇ The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens

---

4. As further discussed herein, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"

*Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (internal citation omitted).

of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir.1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Generally, pursuant to the Eleventh Amendment, states are immune from suit brought by private parties in the federal courts." *Jamison v. Delaware* 340 F.Supp.2d 514, 516 (D.Del.2004) (citing *Lieberman v. Delaware*, No. CIV A.96–523 2001 WL 1000936, at *1 (D.Del. August 30, 2001), *aff'd*, 70 Fed.Appx. 630, 2003 WL 21658273 (3d Cir.2003)).

However, exceptions do exist. A state may consent to a waiver of its sovereign immunity, or the United States Congress can waive a state's sovereign immunity, if there is a valid use of Congress's enforcement powers under the Fourteenth Amendment. *Seminole Tribe of Florida*, 517 U.S. at 55–57, 116 S.Ct. 1114; *Lavia v. Commonwealth of Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000). "In determining whether Congress has abrogated a state's Eleventh Amendment Immunity, a 'simple but stringent test' is applied. This two-prong test requires that: (1) Congress 'unequivocally express its intent to abrogate;' and (2) Congress act according to a valid exercise of power in abrogating state immunity." *Jamison v. Delaware*, 340 F.Supp.2d at 516–17 (citing *Lavia*, 224 F.3d at 196).

Plaintiff brings his suit pursuant to 42 U.S.C. § 1983.[5] However, "[t]he Supreme Court has held that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Church v. Department of Correction*, No. CIV.A.00–085–SLR, 2002 WL 31927434, at *4 (D.Del. Dec.18, 2002) (citations omitted). Specifically, with respect to the DCC, this court has noted that: "[t]he Department of Correction, as a state agency, is not a person under § 1983. Consequently, '[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant.' Furthermore, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment," *Church*, 2002 WL 31927434, at *4 (internal citations omitted), nor has any party cited precedent indicating that Congress has moved to waive the states' immunity in this regard.

Since the Eleventh Amendment is a grant of sovereign immunity to the states, and since neither the State General Assembly nor Congress has waived Delaware's immunity, HRYCI, as an institution of the State of Delaware, cannot be sued under 42 U.S.C. 1983.

Plaintiff bears the burden of demonstrating subject matter jurisdiction, *Mortensen v. First Federal Savings and Loan*, 549 F.2d at 891, and, at least as to suit against HRYCI, Plaintiff has failed to bear that burden.[6]

## B. Medical Exam

■ Plaintiff has asked this court "to grant [him] outside help for [his] left hand to

**5.** Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

**6.** Plaintiff's latest pleading (D.I.77) attempts to demonstrate this court's subject matter jurisdiction over his complaint by stating that the Federal Tort Claims Act ("FTCA") allows "persons who are injured by federal employees ... some form of compensation for those injuries" and that the FTCA "remove[s] the United States 'sovereign immunity' from prosecution so that persons may sue the federal government." (D.I.77.) Plaintiff claims he was assaulted by at least two corrections officers at HRYCI. (*See* D.I. 77.) The FTCA only applies to suits against the federal government in instances of injury caused by federal employees. *See* 28 USC § 2671. The defendant in this case is an institution of the State of Delaware, and the corrections officers referenced (though unnamed) by Plaintiff are state employees.

get an [Magnetic Resonance Imaging, ('MRI')] done, because in the [infirmary] they only look for breaks and that's what they only treated [him] for." (D.I.43.) Plaintiff also noted that the medical staff "didn't treat [him] for the cuts on his hands." (*Id.*) It is undisputed that during the time in question, Plaintiff was being seen by medical staff at HRYCI. (*Id.*) His hand was apparently being checked for fractures. (*See Id.* at 1 (Plaintiff stating that he was being treated for "breaks."))

Plaintiff is, in essence, seeking a preliminary injunction.[7] In deciding whether to grant a preliminary injunction, the court must weigh the following factors:

> (1) the likelihood that the plaintiff will prevail on the merits at the final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. The injunction shall issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief.

*New Jersey Hosp. Ass'n v. Waldman,* 73 F.3d 509, 512 (3d Cir.1995)

Plaintiff has not shown that it is more likely than not he will win this case on the merits. Moreover, although Plaintiff allegedly was not treated for the cuts on his hand, he has not shown that he would suffer irreparable harm if he is not taken outside of the corrections facility to receive medical care. Given the concerns about Plaintiff's behavior, it would be an unnecessary burden on FCM and the State, and it would be contrary to the public interest, to require that Plaintiff be taken out of prison for an MRI.[8] The Plaintiff's Motion for Medical Exam (D.I.43) therefore ought to be and is denied.

## C. Appointment of Counsel

Plaintiff asserts that he does not understand the law, that he is indigent, and that he did not have complete access to the law library at HRYCI. (D.I.58.) A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson,* 126 F.3d 454, 456–57 (3d Cir.1997); *Tabron v. Grace,* 6 F.3d 147, 153–54 (3d Cir.1993). Under certain circumstances, the Court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

However, in *Tabron* and again in *Parham,* the Third Circuit Court of Appeals articulated the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. Initially, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham,* 126 F.3d at 457 (citing *Tabron,* 6 F.3d at 157); accord *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981) (per curiam) (cited with approval in *Parham* and *Tabron*). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham,* 126 F.3d at 457–58 (citing *Tabron,* 6 F.3d at 155–56, 157 n. 5). This list, of course, is illustrative and, by no means, exclusive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for the Court's decision.

---

**7.** An injunction is "[a] court order commanding or preventing an action." Black's Law Dictionary 788 (7th ed.1999). A preliminary injunction is "[a] temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case." (*Id.*) Since Plaintiff's request is being put forth before "the court has a chance to decide the case" (*Id.*), and because Plaintiff is seeking an "order commanding ... an action" (*Id.*), this request for a medical exam will be considered a request for a preliminary injunction.

**8.** I note that Plaintiff has not made mention of his desire to receive an MRI in any of his recent filings with the court.

■ While Plaintiff's claim may not be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), Plaintiff does not meet the remaining *Parham* and *Tabron* factors. First, despite Plaintiff's inability to attain or afford counsel on his own behalf, Plaintiff has stated his case in a relatively clear manner and has been in communication with this court quite frequently. It appears from the allegations and the record before me that he does not need the assistance of counsel to gather facts to support his claim. Furthermore, the issues, as currently presented, are not legally or factually complex. While the case may turn on credibility determinations, that factor alone does not determine whether counsel should be appointed. *See Parham*, 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not.") Therefore, I decline to appoint counsel in this instance.

### D. Emergency Relief

■ Plaintiff communicated to this court that he was "in danger" for his life and considered his situation in maximum security at DCC to be an emergency. (D.I.66.) Plaintiff had earlier informed this court of an alleged conflict with a Mr. Tyrone Brant, who was also incarcerated at DCC. (D.I.44, 46.) The State of Delaware noted that "prisoners housed in the maximum security area do not have access to the prisoners in the main compound, and the prisoners in the main compound do not have access to those housed in the [m]aximum [s]ecurity area." (D.I.70). Tyrone Brant is in fact housed in the main compound. (*Id.*) The State notes further that "[t]here is also no record that Plaintiff has contacted prison security with a request to be placed in Protective Custody." (*Id.* at 2.) Thus, Plaintiff's Motion for Emergency Relief (D.I.66) also will be denied.

### E. Amended Complaint

■ Plaintiff states that he would like to amend his lawsuit because of the two incidents he considers to be assaults. (D.I.71.) Federal Rule of Civil Procedure 15(a) pro-

vides that a party may amend its complaint "by leave of court ... and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Although the trial court has discretion to grant or deny leave to amend, leave should be freely granted in accordance with Rule 15(a) unless there is an apparent or declared reason for denial. *Trueposition, Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531 at *2, 2002 U.S. Dist. LEXIS 12848 at *3 (D.Del. July 16, 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)). Sufficient reasons include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

In this instance, there is no evidence of undue delay. "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir.2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 863 (3d Cir.1984)). HRYCI asserts that Plaintiff's complaint should be denied due to futility. (*See* D.I. 74 at ¶ 2.) However, sovereign immunity does not apply to state employees sued as individuals. *Wiers v. Barnes*, 925 F.Supp. 1079, 1091 (D.Del.1996) (holding that sovereign immunity does not protect state employees who are being sued in their individual capacities.) Thus, as it appears Plaintiff intended to amend his complaint to sue corrections officers in their individual capacity,[9] and not simply add a claim against HRYCI as a State institution, his request for leave to amend his complaint will be granted.

However, even giving the added claim the most liberal construction, it fails to state a legal basis for relief. In their entirety, Plaintiff's allegations regarding assaults are as follows: "I would like to amend my law suit because of the two assults [sic] one on 8–23–04 and the other on 1–24–05 which I ask the court that I would like to bring charges up on the correctional officers and to add one

---

9. If he intended to sue the officers in their official rather than their individual capacities, his claim would have to be dismissed for lack of subject matter jurisdiction. (*See supra* at pp. 101–103.)

million each to both assults [sic] on my law suit against the Howard R. Young Medical Staff and Institution." (D.I.71.) No other information is provided, not even the identity of those supposedly involved in these incidents. Thus, Plaintiff's amended complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a),[10] and Plaintiff has failed to state "a claim upon which relief can be granted" against the correctional officers. Fed.R.Civ.P. 12(b)(6). I will therefore *sua sponte* dismiss this amended complaint, without prejudice, as it pertains to the alleged assaults.[11]

### F. Motion for Discovery

Since the subpoenas requested by Plaintiff are designed to support the amended claim which will be dismissed, the Motion for Discovery (D.I.75) will be denied as moot.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Howard R. Young Correctional Institution Motion to Dismiss (D.I.19) is GRANTED. Plaintiff's Motions for Medical Exam (D.I.43) is DENIED. Plaintiff's Motion for Appointment of Counsel (D.I.58, 73) is DENIED. Plaintiff's Motion for Emergency Relief (D.I.66) is DENIED. Plaintiff's Motion to Amend his Complaint (D.I.73) is GRANTED and the amended Complaint is DISMISSED without prejudice. Plaintiff's Motion for Discovery (D.I.71) is DENIED as moot.

---

**10.** *See also Desardouin v. United Parcel Serv., Inc.,* 285 F.Supp.2d 153, 157 (D.Conn.2003) (noting that a dismissal of a complaint is warranted in instances where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

**11.** It is also noteworthy that the additional claims regarding assaults have absolutely nothing to do with Plaintiff's claim against FCM and thus are more appropriately pursued in a separate action. In the context of Federal Rule of Civil Procedure 15(c), "a plaintiff must show that ... the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading." *Garvin v. City of Philadelphia,* 354 F.3d 215, 222 (3d Cir.2003). While the context here is different, the advisability of having the assault claims handled separately is still significant because they are wholly unrelated to Plaintiff's other claims in this case.