**CLD-141**                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4010
_____

WAYNE T. BAKER,
                                                          Appellant

v.

JAMES T. VAUGHN CORRECTIONAL CENTER;
DONALD GLAGG, Inmate

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-0482)
District Judge:  Honorable Leonard P. Stark

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before:  RENDELL, FUENTES AND SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 19, 2011)

_____

OPINION
_____

PER CURIAM

       <u>Pro se</u> appellant Wayne Baker appeals the District Court's order dismissing his

complaint.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Baker filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the James T. Vaughn Correctional Center, where he is imprisoned, and Donald Glagg, his cellmate. Baker alleged that Glagg attacked and severely injured him, and that the Correctional Center then provided him with inadequate medical care.  As a result, Baker claimed, he will never again have full mobility in one leg.  He sought money damages.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court concluded that Glagg was not a state actor as required by § 1983, and that the Correctional Center was immune from suit under the Eleventh Amendment.  The Court stated, however, that "it appears plausible . . . that Plaintiff may be able to articulate a claim against alternative Defendants, and therefore, the Court will give Plaintiff an opportunity to amend his pleading."

Baker then filed an amended complaint, but despite the District Court's clear guidance, he again named as defendants only Glagg and the Correctional Center.  The amended complaint reiterated the allegations from the original complaint, and urged the District Court not to "complicate this complaint [so that Baker would] have to go to the

---

[1]    Baker also filed a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, which the District Court denied on February 2, 2011.  Because Baker did not file a new or amended notice of appeal as to that order as required by Fed.

2

U.S. Court of Appeals for the Third Circuit." Given Baker's apparent desire to stand on his original claims, the District Court dismissed the amended complaint under § 1915(e)(2)(B) for the reasons detailed in its previous order — this time with prejudice. Baker then appealed.

We agree with the District Court's determination that Baker's action fails to state a claim against either of the defendants. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). Glagg, a fellow prisoner, is a private party. While a private party can qualify as a state actor when there "is a sufficiently close nexus" between the state and the private party's conduct, id., Baker has alleged no such connection here. Baker has thus not stated a viable claim against Glagg.

Baker's claim against the Correctional Center also fails. Under the Eleventh Amendment, the Correctional Center, a Delaware state prison, is immune from suit in federal court. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). While states can waive their Eleventh Amendment immunity, see Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Delaware has not done so, see Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005) (Jordan, J.). Moreover, although Congress can abrogate a state's

R. App. P. 4(a)(4)(B)(ii), we lack jurisdiction to review it. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, the federal law under which Baker proceeds. See Quern v. Jordan, 440 U.S. 332, 345 (1979). Accordingly, we agree that Baker's § 1983 claims against the Correctional Center for monetary damages are barred.

We will thus summarily affirm the District Court's order dismissing Baker's amended complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[2]

---

[2] Baker also asked the District Court to issue subpoenas so that he could obtain various medical records. We will affirm the District Court's order denying these requests.