AMENDED CLD-220                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2190
_____

WAYNE T. BAKER,
                                        Appellant
v.

DONALD FLAGG; JAMES T. VAUGHN CORRECTIONAL CENTER;
DEPARTMENT OF CORRECTIONS; WARDEN PERRY PHELPS; FIRST
CORRECTIONAL MEDICAL; INFIRMARY OF THE J.T.V.C.C.; STATE OF
DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-01144)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: July 25, 2011)
_____

OPINION
_____

PER CURIAM

On May 29, 2010, Wayne T. Baker ("Baker"), a Delaware state prisoner

incarcerated in the James T. Vaughn Correctional Center ("JTVCC"), filed a pro se and

in forma pauperis civil rights complaint in the United States District Court for the District of Delaware.  Prepared with the unmistakable assistance of fellow JTVCC inmate Ivan Mendez ("Mendez"),[1] the complaint—which addressed an altercation between Baker and cellmate Donald Glagg/Flagg ("Flagg"), and the aftermath thereof—was facially defective, as it named no parties subject to suit under 42 U.S.C. § 1983 and did not identify those actors who had potentially delayed Baker's medical treatment.  The District Court issued an opinion advising Baker of these deficiencies and dismissed the case without prejudice, while granting Baker leave to amend.  Baker v. James T. Vaughn Corr. Ctr., No. 10-482, 2010 U.S. Dist. LEXIS 70550, at *9 (D. Del. July 14, 2010).  Baker's amended complaint fared little better, failing to cure the pleading deficiencies of the original.  Accordingly, the District Court dismissed the complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Baker v. James T. Vaughn Corr. Ctr., No. 10-482, 2010 U.S. Dist. LEXIS 104400, at *8 (D. Del. Sept. 30, 2010).  We determined that the appeal presented no substantial question and summarily affirmed.  See generally Baker v. James T. Vaughn Corr. Ctr., No. 10-4010, 2011 U.S. App. LEXIS 8060 (3d Cir. Del. Apr. 19, 2011).

Before we ruled on his appeal, however, Baker commenced another civil rights suit. Prepared (again) by Mendez, the complaint named as defendants Flagg, the JTVCC, the Delaware Department of Corrections, JTVCC Warden Perry Phelps, First

---

[1] Mendez composed most, if not all, of the filings in the suit; at one juncture, Baker submitted a form giving Mendez Power of Attorney.  That form was neither signed nor notarized.

2

Correctional Medical, the JTVCC infirmary, and the State of Delaware. Baker appeared to complain that he had been deprived of "incident reports, grievances, X-rays reports, admissions reports, medical reports . . . and any and all of the documents and evidence" relating to his earlier assault by Flagg, connecting his failure to receive documents with the dismissal of his previous lawsuit. Following the submission of several other documents prepared by Mendez, the District Court dismissed the complaint as frivolous, denied the intervening motions, and declined to grant leave to amend. Baker v. Flagg, No. 10-1144, 2011 U.S. Dist. LEXIS 43209, at *13 (D. Del. Apr. 21, 2011). Baker filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and may summarily affirm the District Court on any basis supported by the record. See Murray v. Bledsoe, ___ F.3d ___, 2011 U.S. App. LEXIS 11702, at *3 (3d Cir. Pa. June 10, 2011, No. 10-4397) (per curiam); see also L.A.R. 27.4; I.O.P. 10.6. Our review of a *sua sponte* dismissal for failure to state a claim is plenary, and we must accept as true all well-pleaded factual allegations and draw all reasonable inferences in Baker's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Having reviewed the record, we are in full accord with the opinion of the District Court. None of the defendants is properly sued under 42 U.S.C. § 1983, a statute that can be marshaled only against "person[s]" acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." In other words, "a plaintiff seeking to hold an individual liable under § 1983 must establish

3

that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Flagg, a private party and inmate—and, it appears, a person of limited, if any, involvement in the conduct complained of in the present action—is not clothed with the authority of the state, and is thus not subject to suit under § 1983. Nor has Baker alleged any personal involvement by Warden Perry Phelps in any constitutional violation—a fatal flaw, since "liability [in a § 1983 suit] cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

With regard to the institutional and governmental defendants, it is well established that, in the absence of waiver, "neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (quoting Welch v. Tex. Dept. of Highways and Pub. Transp., 483 U.S. 468, 480 (1987) (plurality)).[2] The Delaware Department of Corrections is "clearly a state agency. It was created via an enabling statute, is supported by state tax dollars, and exists solely to regulate the activities of Delaware's criminals, i.e. as a principle [*sic*] arm of the State's police power." Murphy v. Corr. Med. Servs., No. 03C-04-271-PLA, 2005 Del. Super. LEXIS 287, at *7 (Del. Super. Ct. Aug. 19, 2005). The JTVCC and its institutions are subsidiaries of the DOC, and hence share the State of Delaware's immunity to suit. Cf. Lavia v. Pennsylvania, 224 F.3d 190, 195 (3d

---

[2] Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Cir. 2000) ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, <u>see</u> Pa. Stat. Ann., tit. 71 § 61, it shares in the Commonwealth's Eleventh Amendment immunity."); <u>see also</u> <u>Robinson v. Danberg</u>, 729 F. Supp. 2d 666, 675 (D. Del. 2010) ("The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. Hence, as an agency of the State of Delaware, the [Department of Corrections] is entitled to immunity under the Eleventh Amendment.") (citations omitted).

Finally, with regard to defendant First Correctional Medical, we can discern no allegations of unconstitutional wrongdoing directed its way. To the extent that Baker claims that some failure by First Correctional Medical to provide him with records caused the dismissal of his earlier District Court suit—an allegation that could be construed as an access to the courts claim under the First Amendment, <u>see</u> <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008)—we observe that it was not a failure to present records that hobbled his suit, but his failure to state a claim upon which relief could be granted.

Therefore, for the foregoing reasons and because no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court on all grounds.

However, we would be remiss if we ended our discussion before explaining to Baker the consequences of his choices thus far and how they might affect his future ability to bring suit in federal court. Under one of the changes to federal in forma

pauperis status effected by the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In plain English, this means that prisoners who have had three actions or appeals dismissed cannot take advantage of *any* of the benefits of in forma pauperis status, such as avoiding the immediate payment of filing fees or having *pro bono* counsel appointed by the court under § 1915(e)(1). See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); see also Campbell v. Clarke, 481 F.3d 967, 969 (7th Cir. 2007) (explaining that dismissal of an appeal from a dismissed complaint constitutes two independent strikes). This bar holds firm unless the prisoner can demonstrate that he seeks relief from an imminent threat or danger that is present at the time the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). It is not an insurmountable hurdle—and, of course, a prisoner can always retain counsel and pay the filing fees to avoid this requirement—but, in practice, it can greatly limit the ability of three-strike litigants to bring suit.

Baker has now accrued two "strikes" under § 1915(g). We therefore suggest that he exercise an extreme amount of caution in proceeding further. Baker should also reconsider his selection of a jailhouse lawyer. Mendez, who has authored *all* of Baker's

6

submissions to both this Court and the District Court (and who, as mentioned *supra*, attempted at one juncture to obtain power of attorney for Baker), is a three-strikes litigant and a frequent filer, lodging at least 46 appeals in this Court—none of which (to our knowledge) has met with success. [3]

Again, for the reasons given, we will summarily affirm the District Court's dismissal of Baker's complaint under 28 U.S.C. § 1915(e)(2)(B). [4]

---

[3] We do not discount the possibility that Mendez has "captured" a fellow JTVCC inmate to further realize his passion for wasting both the time and the resources of federal courts. In dismissing Baker's prior complaint, the District Court discussed Mendez's role, observing that "Mendez may not act as an attorney for other individuals." Baker, 2010 U.S. Dist. LEXIS 104400, at *7. It proposed an edict: "future documents prepared by Mendez will be docketed, but not considered by the Court." Id. at *8. Nevertheless, Baker's second complaint, authored by Mendez, was allowed to proceed. We encourage the District Court to apply its rule henceforth, especially with regard to documents *explicitly* prepared by Mendez, as were those in the instant case and appeal.

[4] Baker's request "to File Exhibits," contained within his filing in support of his appeal, is denied. To the extent that his other filings in this Court can be construed as requesting independent relief, they are also denied.